## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| CCI-KCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:21-cv-00983 |
| | ) | |
| ALL GAS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff CCI-KCE, LLC ("KCE") and for its complaint against Defendant All Gas, LLC ("All Gas") shows this Court as follows:

## INTRODUCTION

This case is about two things: (1) All Gas's failure to make payments owed to KCE for the leasing of heavy duty over the road tractor trailer trucks; and (2) All Gas's subsequent failure to return the leased trucks to KCE after All Gas defaulted under the terms of the lease agreements. As a result of All Gas's refusal to return them, one of the trucks remains at large and its whereabouts and condition are unknown. To make matters worse, upon information and belief, All Gas may be subleasing the missing truck to unknown third-parties.  KCE has no way of ascertaining whether this unknown third party is properly licensed to operate the truck or is properly maintaining it; nor can KCE verify that the third party is

maintaining appropriate liability insurance on the truck. This scenario poses a significant risk to the value of KCE's property, but more importantly, it poses an even greater risk to the safety of the public on the roadways.

## PARTIES

1.

KCE is a Georgia limited liability company with its principal place of business located at 255 East Paces Ferry Road, Suite 450, Atlanta, Georgia 30305.

2.

KCE's members are Rick Diggs, a Florida citizen, Kasey Cruise, a Florida Citizen, and Crown Capital Investments, LLC ("Crown Capital"), a Georgia limited liability company with its principal place of business located at 255 East Paces Ferry Road, Suite 450, Atlanta, Georgia 30305.

3.

Crown Capital's sole member is DCS Dynasty Trust ("DCS"), a trust organized under Florida law. DCS's trustees are Rick Wallace, a Connecticut citizen, and Jim Murphy, a Georgia citizen. Thus, Crown Capital is a citizen of Connecticut and Georgia for the purposes of diversity jurisdiction.

4.

Accordingly, for the purposes of diversity jurisdiction, KCE is a citizen of Florida, Georgia, and Connecticut.

2

5.

All Gas is a Texas limited liability company with its principal place of business located in Houston, Texas and, upon information and belief, all of its members are citizens of the State of Texas.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over the action pursuant 28 U.S.C. § 1332 because KCE, and its members, and All Gas, and its members, are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

7.

This Court has personal jurisdiction over All Gas by virtue of Paragraph 24 of the Leases, as defined herein, between KCE and All Gas, pursuant to which All Gas consented and waived objection to the personal jurisdiction of and venue in "any state or federal court in Florida," agreeing "that a summons and complaint commencing an action or proceeding in any such court . . . shall confer personal jurisdiction . . . ."

3

8.

Pursuant to Paragraph 24 of the Leases, All Gas waived "any right it may have to object to" venue in this District. Thus, venue is proper in this District pursuant Paragraph 24's express waiver provision.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.

KCE is a full-service transport company engaged in the business of freight cargo delivery.

10.

The Federal Highway Administration designates commercial trucks into different classes, beginning with Class 1 and ending with Class 8. Class 8 trucks qualify as "heavy duty" and have a gross vehicle weight rating exceeding 33,000 pounds.

## THE LEASES

11.

Between April 12, 2021 and April 19, 2021, KCE entered into fourteen (14) separate forty eight (48) month Equipment Lease Agreements (each a "Lease" and collectively the "**Leases**"") pursuant to which KCE leased "Class 8" trucks and trailers to All Gas.

12.

On April 12, 2021, KCE and All Gas entered into following Leases:

- Lease No. 0421-1 ("Lease 1") pursuant to which KCE leased a 2012 Peterbilt 389 to All Gas for monthly payments of $1,916.73;

- Lease No. 0421-2 ("Lease 2") pursuant to which KCE leased a 2018 Peterbilt 389 and All Gas for monthly payments of $3,000.00;

- Lease No. 0421-3 ("Lease 3") pursuant to which KCE leased All Gas a 2019 Peterbilt 389 for a monthly payments of 3,400.00;

- Lease No. 0421-4 ("Lease 4") pursuant to which KCE leased All Gas a 2016 Peterbilt Day Cab 389 for a monthly payment of $3,000.00;

- Lease No. 0421-5 ("Lease 5") pursuant to which KCE leased All Gas a 2013 Reitnouer Stepdeck for monthly payments of $950.00;

- Lease No. 0421-6 ("Lease 6") pursuant to which KCE leased All Gas a 2014 Fontaine RGNE MX55 W/ Flip for monthly payments of $1,900.00;

- Lease No. 0421-7 ("Lease 7") pursuant to which KCE leased All Gas a 2020 Fontaine RGNE MX55 W/ Flip and All Gas for monthly payments of $2,200.00;

- Lease No. 0421-8 ("Lease 8") pursuant to which KCE leased All Gas a 2020 Fontaine RGN LXT 40 W/ Flip and All Gas for monthly payments of $2,000.00; and

5

- Lease No. 0421-16 ("Lease 9") Pursuant to which KCE leased All Gas a 2013 Doonan DD and All Gas  for monthly payments of $950.00.

  Copies of  Leases 1–9 are attached hereto collectively as **Exhibits "A1- A9"**.

13.

On April 16, 2021, KCE and All Gas entered into the following Leases:

- Lease No. 0421-11 ("Lease 10") pursuant to which KCE leased All Gas a 2018 Peterbilt 389 for monthly payments of $3,000.00;

- Lease No. 0421-12 ("Lease 11") pursuant to which KCE leased All Gas a 2017 Fontaine RGN LXT 40 for monthly payments of $2,000.00;

- Lease No. 0421-13 ("Lease 12") pursuant to which  KCE leased All Gas a 2020 Fontaine RGN LXT 40 for monthly payments of 2,000.00.;

- and Lease No. 0421-14 ("Lease 13") pursuant to which KCE leased All Gas a 2014 Fontaine RGNE MX55 for monthly payments of $2,200.00.

  Copies of Leases 10–13 are attached hereto collectively as **Exhibits "B1-B4"**.

14.

On April 19, 2021, KCE and All gas entered into Lease No. 0421-15 ("Lease 14") pursuant to which KCE leased All Gas a 2009 Peterbilt 389 for monthly payments of $1,500.58. A copy of Lease 14 is attached hereto as **Exhibit "C"**.

## COMMON TERMS OF THE LEASES

15.

Pursuant to Leases 1-8, 10, and 12-14, All Gas was required to make monthly lease payments on the fifteenth (15th) day of each month beginning May 15, 2021. Pursuant to Leases 9 and 11, All Gas was required to make monthly payments on the twenty-ninth (29th) day of each month beginning on May 29, 2021.

16.

Pursuant to Paragraph 3 of the Leases, All Gas was required to make lease payments "on the dates set forth above, in each case without prior notice or demand." (*See*, *e.g.,* Ex. A1, at ¶ 3.)

17.

Pursuant to Paragraph 5 of the Leases, All Gas

> "shall . . . keep, permanently garage and not remove or cause to be removed the Equipment from [All Gas's] address . . . for more than 30 days at a time; . . . not for any reason or at any time, remove or cause to be removed the Equipment from the United States; . . . provide to [KCE] in writing the exact location of any Equipment within 3 calendar days of [KCE's] request . . ." and "upon 24 hours' notice, grant [KCE or its agents] access to the Equipment . . . .

(*See, e.g.,* Ex. "A1", at ¶ 5.)

18.

Pursuant to Paragraph 6 of the Leases, All Gas

> shall maintain the Equipment in good repair and operating condition, which condition shall, at all times, be (i) at least the same condition of

Equipment when delivered to [All Gas] hereunder . . . and (ii) in all respects be satisfactory to [KCE] in its sole and absolute discretion. [All Gas] shall, at its sole cost and expense, make any repairs by a provider acceptable to and . . . by [KCE].

(*See, e.g.*, Ex. "A1", at ¶ 6.)

19.

Pursuant to Paragraph 12 of the Leases, All Gas

shall maintain all-risk insurance on the Equipment ('Casualty Insurance') with policy coverage in an amount not less than the full replacement value of the Equipment naming [KCE] as an additional insured and lender loss payee. The Casualty Insurance policy shall, at a minimum, (a) provide breach of warranty coverage, (b) provide for (i) bodily injury liability coverage of not less than $1,000,000 and (ii) property damage coverage of not less than $1,000,000, (c) name [KCE] as additional insured and lender loss payee, (d) state that the Casualty Insurance coverage is 'primary', and (e) require that any modification or cancellation of coverage be made only upon 15 days' written notice to [KCE].

(*See, e.g.*, Ex. "A1", at ¶ 12.)

20.

Pursuant to Paragraph 15 of the Leases, All Gas

shall within 10 calendar days of . . . termination due to an Event of Default . . . : (i) perform any and all testing and repairs on or to the Equipment that [KCE], in its sole discretion, deems necessary in order to return the Equipment to the condition and appearance as when first received by [All Gas] (except for ordinary wear and tear), . . . and (iii) return[] the Equipment to a location within the continental United States that [KCE] shall specify.

(*See, e.g.*, Ex. A1, at ¶ 15.)

8

21.

Pursuant to Paragraph 19 of the Leases, KCE, or its agents, is entitled to,

> upon the occurrence of any Event of Default, . . . use self-help or other lawful remedies to take possession of the Equipment; . . . require [All Gas] to assemble the Equipment at the location to which the Equipment was delivered or such other location as [KCE] may designate; . . . enter upon any premises where the Equipment is stored [or] seize and sell or otherwise dispose of the Equipment in a commercially reasonable manner . . . .

(*See*, *e.g.*, Ex. A1, at ¶ 19.)

## **ALL GAS'S BREACHES**

22.

All Gas ceased making any lease payments to KCE beginning in May, 2021, which constitutes an Event of Default pursuant to Paragraph 18 of the Leases. (*See*, *e.g.*, Ex. A1, at ¶ 18 (explaining that default occurs when "Lessee fails to pay any amount hereunder when due").)

23.

As of  September 29, 2021, All Gas owes KCE aggregate lease payments pursuant to the Leases in the amount of $526,649.82, plus late fees of five (5) percent of any past due lease payment and interest at the rate of 18% per annum interest rate from the date such lease payments were due. (*See*, *e.g.*, Ex. A1-9, B1-4 and C, at ¶¶ 3, 19.)

24.

On or about August 16, 2021, KCE notified All Gas that it was in default of the Leases due to nonpayment and demanded return of the fourteen (14) leased trucks. (*See* Demand Letters attached hereto collectively as **Exhibit "D"**.)

25.

Upon an Event of Default,  Paragraph 15 of the Leases requires  All Gas to return all fourteen (14)  trucks and trailers leased to it by KCE within ten days of the termination of the Leases. (*See*, *e.g.*, Ex. A1, at ¶ 15.)

26.

Pursuant to  Paragraph 19 of the Leases, upon an Event of Default KCE has a right to possess the fourteen (14) Class 8 trucks and trailers leased to All Gas and is authorized to take possession of them. (*See, e.g.*, Ex. A1, at ¶ 19.)

27.

After some effort, including KCE having to locate and  retrieve some of the trucks  and trailers itself, thirteen (13) of the trucks and trailers were recovered. However, All Gas has not returned one (1) of the Class 8 trucks that it leased from KCE  described  as  follows:  2012  Peterbilt  389,  VIN  Number 1XPXD49X8CD137340 ( the "**Missing Truck**"). This heavy duty truck remains at

large, with its whereabouts unknown to KCE, and poses a significant danger on public roadways.[1]

28.

The fair market value of the Missing Truck is $55,000.

29.

Upon information and belief, All Gas may be subleasing the Missing Truck to an unknown third-party. KCE has no way of knowing if this third-party is properly licensed to operate Missing Truck, is properly maintaining the truck nor can KCE verify that the third-party is carrying the requisite insurance to operate the Missing Truck.

30.

All Gas's failure to return the Missing Truck constitutes breaches of Paragraphs 15 and 19 of the Lease for it. (*See* Ex. A1, at ¶¶ 15, 19.)

31.

All Gas was not maintaining the Class 8 Trucks as evidenced by its removal of after treatment systems in violation of EPA regulations, failing to replace bald tires, failing to repair inoperative lights and remedy defects represented by flashing warning lights. All Gas's failure to maintain the Class 8 Trucks is also evidenced by

---

[1] For ease of reference the Lease number (as defined herein) associated with the Missing Truck is Lease 1.

a bill of repair to one of the trucks in the amount of $20,776.95. All Gas's failure to maintain the Class 8 Trucks constitutes a material breach of Paragraph 6 of the Leases. (*See, e.g.*, Ex. A1, at ¶ 6.)

<div align="center">32.</div>

All Gas is failing to maintain insurance on the Missing Truck is a breach of Paragraph 12 of the Lease . (*See* Ex. A1, at ¶ 12.)

<div align="center">**COUNT I (BREACH OF CONTRACT)**</div>

<div align="center">33.</div>

KCE restates and incorporates by reference herein the allegations contained in paragraphs 1–32 of the Verified Complaint as if set forth in full herein.

<div align="center">34.</div>

Pursuant to Paragraph 3 of the Leases, All Gas was obligated to make lease payments on the Class 8 trucks. However, All Gas has defaulted by failing to make the required payments.

<div align="center">35.</div>

As a result of All Gas's nonpayment and breach of the Leases, KCE has been damaged in the amount of $526,649.82 as of September 29, 2021.

<div align="center">36.</div>

<div align="center">12</div>

Pursuant to Paragraphs 15 and 19 of the Leases, All Gas was required to return all fourteen (14) trucks to KCE within ten (10) calendar days of its default for nonpayment. To date, All Gas has not returned the Missing Truck.

37.

As a result of All Gas's failure to return the Missing Truck, KCE has been damaged in an amount equal to the fair market value of the Missing Truck in the amount of $55,000.00. KCE is also entitled to recover all costs associated with recovering the Missing Truck.

38.

KCE is also entitled to recover all costs associated with recovering the thirteen (13) Class 8 Trucks and trailers that it now has in its possession.

39.

Pursuant to Paragraphs 6 and 12 of the Lease Agreements, All Gas was required to maintain the trucks in good repair and operating condition as well as maintain insurance on the trucks.

40.

All has breached Paragraph 6 of the Leases by virtue of its failure to maintain the Class 8 Trucks in good repair and operating condition. KCE is entitled to recover all costs associated with repairs to the Class 8 Trucks, including but not limited to a bill for repairs in the amount of $20,776.95 to a Fontaine Low Boy Trailer.

41.

All Gas has also breached Paragraph 12 of the Leases by virtue of its subleasing the Missing Truck to unknown third-parties (*i.e.*, individuals who do not have the requisite insurance to operate the equipment).

## COUNT II (CONVERSION)

42.

KCE restates and incorporates by reference herein the allegations contained in paragraphs 1–32 of the Verified Complaint as if set forth at length herein.

43.

All Gas's failure to return the Missing Truck constitutes an unauthorized act which has deprived KCE of its property either permanently or for an indefinite time.

44.

KCE, an entity with a right to possession of all of the Class 8 trucks pursuant to the terms of the Leases, demanded that All Gas return the trucks at a time when All Gas had possession of them. To date, All Gas has refused and ignored KCE's demand for their return.

45.

As a result of All Gas's failure to return the Missing Truck, KCE has been damaged in an amount equal to its fair market value in the amount of $55,000.00.

### COUNT III (TRESPASS TO CHATTEL)

46.

KCE restates and incorporates by reference herein the allegations contained in paragraphs 1–32 of the Verified Complaint as if set forth at length herein.

47.

By virtue of All Gas's failure to return the Missing Truck, it has dispossessed KCE of its chattel.

48.

By virtue of All Gas dispossessing KCE of its property, the condition, quality, and value to KCE of the Missing Truck has been impaired.

49.

By virtue of All Gas's actions, KCE has been deprived from using the Missing Truck for a substantial period (*i.e.*, more than a month).

50.

As a result of All Gas dispossessing KCE of its property, KCE has been damaged in an amount equal to the fair market value of the Missing Truck in the amount of $55,000.00.

## COUNT IV (REPLEVIN)

### 51.

KCE restates and incorporates by reference herein the allegations contained in paragraphs 1–32 of the Verified Complaint as if set forth herein.

### 52.

All Gas has failed to return the Missing Truck having a fair market value of $55,000.00, and the current location of the equipment is unknown.

### 53.

Pursuant to its ownership interest in the missing Class 8 trucks, KCE has an immediate right to possess the equipment and is authorized to take possession of the same.

### 54.

All Gas is wrongfully detaining the Missing Truck by virtue of its multiple breaches of the Leases despite KCE's demand for their return which has been refused and ignored by All Gas.

### 55.

Upon information and belief, the Missing Truck has not been taken for a tax, assessment, or fine pursuant to law.

56.

Upon information and belief, the Missing Truck has not been taken under an execution or attachment against the property of All Gas.

## COUNT V (PUNITIVE DAMAGES)

57.

KCE restates and incorporates by reference herein the allegations contained in paragraphs 1–32 and 42-50 of the Verified Complaint as if set forth herein.

58.

All Gas engaged in intentional and gross misconduct when it dispossessed, converted, and trespassed against KCE's property (*i.e.*, the Missing Truck).

59.

Based on All Gas's intentional and gross misconduct, KCE is entitled to an award of punitive damages. *See* Fla. Stat. § 768.72.

## COUNT VI (ATTORNEYS' FEES)

60.

KCE restates and incorporates by reference herein the allegations contained in paragraphs 1–59 of the Verified Complaint as if set forth herein.

61.

Pursuant to Section 19 of the Lease Agreements, KCE is entitled to an award of attorneys' fees. (*See, e.g.*, Ex. A1, at ¶ 19 (providing that "[a]ny costs, fees or other charges incurred by [KCE] in exercising any of the foregoing [remedies], including without limitation, . . . attorneys' fees and costs shall be borne by [All Gas]").

## COUNT VII (INJUNCTION)

62.

KCE restates and incorporates by reference herein the allegations contained in paragraphs 1–61 of the Verified Complaint as if set forth herein.

63.

Because All Gas is refusing to return the Missing Truck, property which KCE is authorized to possess and control and which poses a significant threat to public safety on the roadways, KCE is entitled to a preliminary injunction and after a trial a permanent injunction enjoining All Gas together with its agents, representatives, and all other persons acting in concert with them from secreting, operating, subleasing, or otherwise using the Missing Truck and returning it to KCE.

WHEREFORE, CCI-KCE, LLC demands judgment against All Gas, LLC as follows:

(a)    pursuant to Count I, judgment in an amount to be determined at trial but in no event less than $602,426.77 plus late charges of five (5) percent of each late lease payment and interest at the rate of eighteen percent per annum;

(b)    pursuant to Count II, judgment in the amount of $55,000;

(c)    pursuant to Count III, judgment in the amount of $55,000;

(d)    pursuant to Count IV, a prejudgment writ of replevin commanding All Gas to return to KCE the Missing Truck, described as follows:  2012 Peterbilt 389 with VIN Number 1XPXD49X8CD137340.

(e)    pursuant to Count V, award of punitive damages in an amount to be determined in the enlightened conscience of the jury to punish and deter All Gas's intentional and gross misconduct;

(f)    pursuant to Count VI, an award of attorney's fees;

(f)    pursuant to Count VII, injunctive relief requiring All Gas together with its agents, representatives, and all other persons acting in concert with them from secreting, operating, subleasing, or otherwise using the Missing Truck and to return the Missing Truck to KCE; and

(g)    costs, interest, and such other relief as the Court deems just and appropriate.

\s\ Matthew P. McLauchlin
MATTHEW P. MCLAUCHLIN
Eavenson, Fraser & Lunsford, PLLC
Fla. Bar. No. 484180

4230 Pablo Professional Court, Suite 250
Jacksonville, Florida 32224
Primary Email: matt@efli.law
Secondary Email: sarah@efli.law

And

\s\ John A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
Email: jchristy@swfllp.com
*Pro Hac Vice* Application Pending
*Attorneys for CCI-KCE, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| CCI-KCE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| ALL GAS, LLC | ; ) |
| | ) |
| | ) |
| Defendants. | ) |

## **VERIFICATION**

Personally appeared before the undersigned officer duly authorized to administer oaths, Rick Diggs, the President of CCI-KCE, LLC, who, being first duly sworn, deposes and states that the facts set forth in the VERIFIED COMPLAINT are true and correct based on his personal knowledge and the business records of CCI-KCE, LLC maintained in the ordinary course of business and of which he is the custodian or familiar with, and that the facts alleged on information and belief are true and correct to the best of his knowledge, information, and belief.

This the $\underline{27}$ of September 2021.

Rick Diggs

20

Sworn to and subscribed
before me this 29 day
of September 2021.

Notary Public

My Commission Expires:
[NOTARIAL SEAL]



DEVON GODBOLD
State of Florida-Notary Public
Commission # GG 186123
My Commission Expires
February 20, 2022

21