UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CCI-KCE, LLC,

        Plaintiff,

-vs-                                          Case No. 3:21-cv-983-MMH-JBT

ALL GAS, LLC,

        Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Amended Verified Motion for Preliminary Injunction (Doc. 15; Motion) and Plaintiff's Brief in Support of Amended Verified Motion for Preliminary Injunction (Doc. 16; Memo), both filed on October 6, 2021. In the Motion, Plaintiff CCI-KCE, LLC (KCE) seeks "a preliminary injunction enjoining Defendant . . . from secreting and refusing to disclose the location of," and from "operating, subleasing, or otherwise using," a particular tractor-trailer truck that Defendant All Gas, LLC has allegedly failed to return to KCE as required under a lease agreement. See Motion at 1. On November 2, 2021, KCE filed an Affidavit of Service (Doc. 17) indicating that on October 20, 2021, it had effected service of process on Defendant All Gas, LLC. The Court then entered a briefing schedule providing All Gas until November 12, 2021, to file its response to the Motion. See Order (Doc. 18). To

date, All Gas has not filed a response or otherwise appeared in this action. Nevertheless, upon review of the record and for the reasons set forth below, the Court finds that KCE fails to establish the irreparable harm necessary to warrant preliminary injunctive relief. Thus, the Court will deny the Motion and cancel the preliminary injunction hearing set for November 23, 2021.

## I.     Legal Standard

Generally, a preliminary injunction is an extraordinary and drastic remedy. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); see also Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300 (11th Cir. 2001). Indeed, "[a] preliminary injunction is a powerful exercise of judicial authority in advance of trial." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, in order to grant a request for preliminary injunctive relief, the movant bears the burden to clearly establish the following:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the [movant] outweighs the harm an injunction may cause the [opposing party], and (4) that granting the injunction would not disserve the public interest.

Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); see also Davidoff & CIE, S.A., 263 F.3d at 1300; McDonald's Corp., 147 F.3d at 1306; Ne. Fla., 896 F.2d at 1284-85. The movant, at all times, bears the burden of persuasion as to each of these four requirements. See Ne. Fla.,

896 F.2d at 1285. And the failure to establish an element will warrant denial of the request for preliminary injunctive relief and obviate the need to discuss the remaining elements. See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001) (citing Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994)); Del Monte Fresh Produce Co. v. Dole Food Co., 148 F. Supp. 2d 1326, 1339 n.7 (S.D. Fla. 2001).[1]

## II. Factual Background

KCE initiated this action on October 1, 2021. See Verified Complaint (Doc. 1). On October 6, 2021, KCE filed its Amended and Restated Verified

---

[1] A typical preliminary injunction is prohibitive in nature and seeks simply to maintain the status quo pending a resolution of the merits of the case. See Mercedes–Benz U.S. Int'l, Inc. v. Cobasys, LLC, 605 F. Supp. 2d 1189, 1196 (N.D. Ala. 2009). When a preliminary injunction is sought to force another party to act, rather than simply to maintain the status quo, it becomes a "mandatory or affirmative injunction" and the burden on the moving party increases. Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp., 441 F.2d 560, 561 (5th Cir. 1971). A mandatory injunction "'should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.'" Id. (quoting Miami Beach Fed. Sav. & Loan Ass'n v. Callander, 256 F.2d 410, 415 (5th Cir. 1958)); see also Martinez v. Mathews, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."). Accordingly, a plaintiff seeking such relief bears a heightened burden of demonstrating entitlement to preliminary injunctive relief. See Verizon Wireless Pers. Commc'n LP v. City of Jacksonville, Fla., 670 F. Supp. 2d 1330, 1346 (M.D. Fla. 2009) ("Where a mandatory injunction is sought, 'courts apply a heightened standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief.'") (quoting New York SMSA Ltd. Partnership v. Town of Clarkstown, 99 F.Supp.2d 381, 389 (S.D. N.Y. 2000)); Mercedes–Benz, 605 F. Supp. 2d at 1196; OM Group, Inc. v. Mooney, No. 2:05–cv–546–FTM–33SPC, 2006 WL 68791, at *8–9 (M.D. Fla. Jan. 11, 2006). To the extent KCE seeks an injunction enjoining All Gas from "refusing to disclose the location of the Missing Truck," see Motion at 1, although artfully worded, this appears to be a request for a mandatory injunction requiring All Gas to disclose the location of the Truck. As such, this request is likely subject to the higher burden. Regardless, for the reasons discussed below, KCE cannot meet its burden under either standard.

Complaint (Doc. 14; Amended Complaint), the operative pleading at this time. According to the Amended Complaint, KCE is "a full-service transport company engaged in the business of freight cargo delivery." See Amended Complaint ¶ 11. In April of 2021, KCE and All Gas entered into fourteen separate Equipment Lease Agreements through which KCE leased to All Gas various "Class 8" trucks and trailers (the Equipment). Id. ¶¶ 13-16, Exs. A1-A9, B1-B4, C. Class 8 trucks are those designated by the Federal Highway Administration as "heavy duty" with "a gross vehicle weight rating exceeding 33,000 pounds." Id. ¶ 12.

The Lease Agreements require All Gas to make lease payments on a particular date and specify that the failure to make payment when due constitutes an event of default. See e.g., id., Ex. A1 ¶¶ 3, 18. The Agreements also include provisions requiring All Gas to keep the Equipment in good repair and to maintain all-risk insurance policies covering the Equipment. Id. ¶¶ 6, 12. Paragraph 19 of the Lease Agreements sets forth certain remedies available to KCE upon default, including options to: "accelerate the remaining payments and declare the Stipulated Loss Value to be immediately due and payable," "use self-help or any other lawful remedies to take possession of the Equipment," require All Gas to "assemble the Equipment at the location to which the Equipment was delivered or such other location as [KCE] may designate," and/or terminate the Agreements. Id., Ex. A1 ¶ 19(a), (b), (c), (h).

Significantly, pursuant to paragraph 15 of the Lease Agreements, All Gas must return the leased Equipment to KCE at "a location within the continental United States that [KCE] shall specify," within ten calendar days of the expiration of the Agreement or its termination due to default. Id., Ex. A1 ¶ 15.

KCE asserts that in May of 2021, All Gas ceased making any lease payments to KCE in breach of the Lease Agreements. Id. ¶ 24. KCE demanded return of all fourteen of the trucks and trailers and thus far has been able to locate and retrieve thirteen of them. Id. ¶¶ 26-29. The instant Motion pertains to the one truck that remains at large (the Missing Truck), a 2012 Peterbilt 389, VIN Number 1XPXD49X8CD137340, which is the subject of the Lease Agreement attached to the Amended Complaint as Exhibit A1. In the Amended Complaint, KCE alleges that the fair market value of the Missing Truck is $55,000. Id. ¶ 30. Significantly, KCE does not know where the Missing Truck is located and believes that All Gas "may be subleasing the Missing Truck to an unknown third-party." Id. ¶¶ 29, 31. KCE asserts that it "has no way of knowing if this third-party is properly licensed to operate [the] Missing Truck, is properly maintaining the truck nor can KCE verify that the third-party is carrying the requisite insurance to operate the Missing Truck." Id. ¶ 31. KCE believes that "[t]his 23,000 pound, twenty-five (25) foot long truck . . . poses a significant threat to motorists and pedestrians on the public roadways." See Memo at 2.

Based on the foregoing, KCE asserts three causes of action in the Amended Complaint: 1) breach of contract, 2) conversion, and 3) trespass to chattel. See Amended Complaint at 12-18. Notably, as to Count I for breach of contract, KCE demands judgment in an amount no less than $602,426.77, which appears to be the sum of the amount allegedly owed under the Lease Agreements, the fair market value of the Missing Truck, and the cost associated with the repairs of one of the leased trailers. Id. at 13-15. As to Counts II and III, conversion and trespass to chattel, KCE seeks judgment in the amount of $55,000, the fair market value of the Missing Truck. Id. at 16, 18. In each Count of the Amended Complaint, KCE also requests:

> preliminary injunctive relief, and permanent injunctive relief upon the issuance of a final judgment in favor of KCE, enjoining All Gas, its agents, representatives, and all other persons acting in concert with it from secreting and refusing to disclose the location of the Missing Truck and from operating, subleasing, or otherwise using the Missing [T]ruck . . . .

Id. at 15-17, 18.

In the instant Motion, KCE requests the preliminary injunctive relief. In support, KCE maintains that it is substantially likely to succeed on the merits of its three claims. KCE contends that All Gas's refusal to return the Missing Truck poses a serious risk of irreparable harm because "this enormous and fast moving vehicle remains at large on the public roadways, free to inflict irreparable harm on unassuming motorists and pedestrians." See Memo at 8.

Aside from the public safety, KCE also maintains that it will suffer immediate and irreparable harm because it is entitled to possession of the Missing Truck under the Lease Agreement and absent an injunction "All Gas will continue to thwart KCE's possessory interest in the Missing Truck."  See id. at 9.  KCE asserts that the balance of equities weighs in favor of an injunction and that the injunction would serve the public interest in safe roadways.  See Memo at 10.

### III.  Discussion

"'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'"  See Ne. Fla., 896 F.2d at 1285 (quoting Sampson v. Murray, 415 U.S. 61, 88 (1974)).  As the Eleventh Circuit explained in Northeastern Florida:

> An injury is "irreparable" only if it cannot be undone through monetary remedies. "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

Id. (internal citations omitted).  Moreover, "[t]he injury must be 'neither remote nor speculative, but actual and imminent.'"  Id. (citation omitted).  Indeed, the mere "[p]ossibility of an irreparable injury is not enough."  See Brown v. Sec'y, U.S. Dep't of Health & Human Servs., 4 F.4th 1220, 1225 (11th

Cir. 2021). And significantly, "[a] showing of irreparable harm is 'the sine qua non of injunctive relief.'" Ne. Fla., 896 F.2d at 1285 (quoting Frejlach v. Butler, 573 F.2d 1026, 1027 (8th Cir. 1978)). Thus, absent a showing of irreparable harm, KCE is not entitled to a preliminary injunction, regardless of whether consideration of the remaining elements weighs in its favor. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

In each of the three claims set forth in the Amended Complaint, KCE not only seeks injunctive relief, but also demands judgment in the amount of $55,000, the fair market value of the Missing Truck. Thus, it is evident based on the face of the pleadings that KCE has an adequate remedy at law in this action in the form of monetary damages. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." See Cate v. Oldham, 707 F.2d 1176, 1189 (11th Cir. 1983). To the extent KCE argues that it is entitled to injunctive relief based on its "possessory interest" in the Missing Truck pursuant to the terms of the Lease Agreement, this appears to be a request for specific performance to enforce the Equipment return provisions of the Agreement. However, specific performance as a contract remedy is available "only when there is no adequate remedy at law." See Linkous v. Linkous, 941

So. 2d 530, 530 (Fla. 1st Dist. Ct. App. 2006). KCE makes no attempt to show that the Missing Truck is of a unique character or otherwise explain why monetary damages are insufficient as a remedy here. Diablosport, LLC v. Granatelli Motor Sports, Inc., No. 605CV312ORL31DAB, 2005 WL 2465019, at *1 (M.D. Fla. Oct. 6, 2005) ("Because the damages resulting from a breach are generally purely economic, the injured party possesses an adequate remedy at law, which precludes the granting of injunctive relief in such cases."); Barnes v. Diamond Aircraft Indus., Inc., 499 F. Supp. 2d 1311, 1319 (S.D. Fla. 2007) ("Florida law recognizes the right to enforce specifically a contract only for the sale of real property or for such personal property that is of a unique character and value, such as an antique."). Because KCE has made no attempt to show that monetary damages are an inadequate remedy for the claims alleged in the Amended Complaint, the Court finds that KCE cannot demonstrate the type of irreparable harm necessary to warrant injunctive relief.[2]

---

[2] In the Amended Complaint, KCE relies on Textron Financial Corp. v. Unique Marine, Inc., No. 08-10082-CIV, 2008 WL 4716965 (S.D. Fla. Oct. 22, 2008) to argue that the harm to its "possessory interest" in the Missing Truck constitutes irreparable harm. See Memo at 8-9. However, in Textron, the plaintiff sought a prejudgment writ of replevin allowing it to take immediate possession of collateral in which it had a security interest. Id. at *2-4. The plaintiff requested the issuance of a temporary restraining order to prevent the dissipation of that collateral until the writs of replevin could be executed. See Textron, 2008 WL 4716965, at *2, *7. In this case, KCE opted not to seek a writ of replevin, having dropped the request for replevin that it had previously raised in the initial Complaint. See Complaint at 16. Nor does KCE argue that it has a security interest in the Missing Truck. Indeed, KCE does not cite to, or otherwise mention, the Security Interest provision of the Lease Agreement. See Amended Complaint, Ex. A1 ¶ 2. As such, Textron is distinguishable from this case.

To the extent KCE attempts to demonstrate irreparable harm by pointing to the potential harm the Missing Truck poses to the public safety, this argument is also unavailing. See Memo at 8. In the Memo, KCE asserts that it does not know who has the truck or where it is located and is concerned about the possibility that an uninsured, unlicensed driver could cause a potentially fatal collision with another motorist or pedestrian. Id. Notably, KCE offers no legal support for the proposition that harm to the public at large, rather than to the plaintiff itself, is sufficient to satisfy the irreparable harm element for preliminary injunctive relief. See Ne. Fla., 896 F.2d at 1284 (describing this element as "a showing that plaintiff will suffer irreparable injury if an injunction does not issue" (emphasis added)). Rather, KCE's focus on the public safety appears to be a transparent "attempt to convert a contractual dispute about monetary damages into one involving irreparable harm." See CLP Assocs., LLC v. Seneca Ins. Co., Inc., No. 20-1409, 2020 WL 6047172, at *5 (W.D. Penn. Oct. 13, 2020). Indeed, the harm to the public bears no connection to the actual claims asserted in this action. See Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp., No. 8:11-cv-217-30AEP, 2011 WL 902626, at *1 (M.D. Fla. Mar. 8, 2011) ("Although the Court recognizes Plaintiff's concerns regarding the alleged effects Defendant's actions might have on the environment and surrounding community, such concerns are not the basis of the breach of contract action.") adopted by 2011 WL 899719, at *1

(M.D. Fla. Mar. 15, 2011). Regardless, the mere possibility that someone driving the Missing Truck could cause an accident on the roadways is not the type of "actual and imminent" harm necessary to warrant injunctive relief. While the Court does not discount the danger that a tractor-trailer poses on the public roadways, this generalized harm, based on nothing more than KCE's speculation as to what All Gas may have done with the Missing Truck, is insufficient to satisfy KCE's burden of establishing imminent irreparable harm. See Family Oriented Cmty. United Strong, Inc., 2011 WL 902626, at *2 (denying request for temporary restraining order where plaintiff offers nothing more than speculation that the public will be harmed) ("'[I]njunctions will not be used merely to allay the fears and apprehensions or soothe the anxieties of the parties.'" (quoting Del Monte Fresh Produce Co., 148 F. Supp. 2d at 1338)); see also CLP Assocs., LLC, 2020 WL 6047172, at *5 (denying request for preliminary injunction where plaintiff's assertion of irreparable harm to the public safety was speculative). Having failed to establish that it will suffer irreparable harm absent the issuance of a preliminary injunction, KCE is not entitled to preliminary injunctive relief and the Court need not consider the remaining factors. See Siegel, 234 F.3d at 1176.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Amended Verified Motion for Preliminary Injunction (Doc. 15) is **DENIED**.

2. The Preliminary Injunction Hearing set for **Tuesday, November 23, 2021**, is **CANCELED.**

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of November, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties