UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CCI-KCE, LLC,

    Plaintiff,

v.                                                    CASE NO. 3:21-cv-983-MMH-JBT

ALL GAS, LLC,

    Defendant.

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Default Judgment as to Liability Against Defendant All Gas, LLC ("Motion") (Doc. 31) and Plaintiff's First and Second Supplemental Briefs in support thereof (Docs. 33 & 37).[1] For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** and that a final default judgment be entered in favor of Plaintiff and against Defendant in the requested amount of $532,711.38.

    **I.**    **Background**

Plaintiff seeks default judgment as to both liability and damages on the following causes of action: Count One, Breach of Contract; and Count Two,

---

[1] The title of the Motion is misleading because default judgment is now being sought as to both liability and damages.

Conversion.[2] (*See* Doc. 31 at 15–20.) Plaintiff filed a Request for Entry of Default against Defendant (Doc. 27), and default was subsequently entered (Doc. 28).

The undersigned previously took the Motion under advisement and ordered Plaintiff to file a supplemental memorandum addressing: (1) Plaintiff's apparent inability to state a claim for trespass to chattel; (2) Plaintiff's failure to fully account for mitigation of damages; and (3) the correct standard for determining post-judgment interest. (*See* Doc. 32 at 1–4.) Plaintiff filed a supplement on September 9, 2022, which stated that it would withdraw the trespass to chattel claim, provided for further mitigation of damages, and withdrew the request for post-judgment interest beyond the federal statutory rate. (*See* Doc. 33.) Then, on October 5, 2022, the undersigned took the Motion under further advisement and ordered Plaintiff to file an additional supplemental memorandum and affidavit addressing certain discrepancies in the summary statement of damages. (*See* Doc. 36.) Plaintiff has now addressed those discrepancies and seeks entry of a final default judgment against Defendant, pursuant to the breach of contract count, in the amount of $532,711.38, with post-judgment interest accruing at the rate provided for in 28 U.S.C. § 1961. (Doc. 37 at 8.)

## II.   Standard

Before the Court enters a default judgment in a case, a number of requirements must be met. A plaintiff must show, by affidavit or otherwise,

---

[2] Count Three, Plaintiff's claim for trespass to chattel, has been dismissed. (Docs. 33, 34 & 35.)

defendant's failure to plead or otherwise defend a lawsuit, and a default must have been entered. Fed. R. Civ. P. 55(a). After entry of the default, the plaintiff must apply to the Court for a default judgment, except in limited circumstances when application may be made to the clerk. Fed. R. Civ. P. 55(b). The Court must ensure that it has subject matter jurisdiction over the claims and that the well-pled factual allegations of the complaint, which are deemed admitted upon entry of default, adequately state a claim for which relief may be granted.[3] *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205–06 (5th Cir. 1975). Finally, a court should ensure it has personal jurisdiction over a defendant if it may be lacking. *See Hart Dairy Creamery Corp. v. Kea Investments Ltd.*, No. 20-cv-20452-BLOOM/Louis, 2020 WL 3000209, at *2 (S.D. Fla. June 4, 2020).

Federal Rule of Civil Procedure 8 requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). Indeed, "the tenet that a court must accept as true all of the

---

[3] If the relief sought includes a sum of damages that is "not liquidated or capable of mathematical calculation," the Court must conduct an evidentiary hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

3

allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### III. Subject Matter Jurisdiction and Personal Jurisdiction

Preliminarily, the undersigned recommends that Plaintiff has sufficiently alleged both subject matter and personal jurisdiction. Regarding subject matter jurisdiction, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[4] (*See* Doc. 14 at 2–4.)

Plaintiff has also satisfied both constitutional and state statutory requirements for personal jurisdiction pursuant to a valid forum selection clause.[5] (*See* Doc. 31 at 6–14.) Regarding the constitutional requirements, the Supreme Court stated in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985):

> We have noted that, because the personal jurisdiction requirement is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, supra*, at 703, 102 S.Ct., at 2105. For example, particularly in the commercial context,

---

[4] The Court previously noted in a docket entry dated October 8, 2021, that it was satisfied of the existence of subject matter jurisdiction.

[5] Plaintiff's initial motion for default judgment contained, among other deficiencies, inadequate analysis regarding personal jurisdiction; therefore, the undersigned denied that motion without prejudice and ordered Plaintiff to file a renewed motion. (*See* Docs. 29 & 30.) For the reasons explained herein, the undersigned is now satisfied of the existence of personal jurisdiction over Defendant.

> parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. *See National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). Where such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), their enforcement does not offend due process.

*Id.*

Plaintiff contends that Defendant expressly consented and waived objection to the Court's exercise of personal jurisdiction over it when it chose to enter into the freely negotiated subject lease agreements, which contain a forum selection clause. (Doc. 31 at 6–10; Doc. 31-1 at 2–3; *see, e.g.,* Doc. 14-1 at 10–11.) Plaintiff has provided the affidavit of its President, Richard Diggs, to support that the leases were freely negotiated. (Doc. 31-1 at 2–3.) Further, neither the leases themselves nor the forum selection clauses appear to be unjust. Therefore, the undersigned recommends that the constitutional requirements have been satisfied.

Further, regarding the state statutory requirements, Florida's Long Arm Statute provides in relevant part:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 
>    . . .
> 
> Entering into a contract that complies with s. 685.102.

5

Fla. Stat. § 48.193(1)(a)9.

In order to be in compliance with Fla. Stat. § 685.102, a contract containing a forum selection clause must also contain a choice of law provision made pursuant to Fla. Stat. § 685.101, which states in relevant part:

> (1) The parties to any contract, agreement, or undertaking, contingent or otherwise, in consideration of or relating to any obligation arising out of a transaction involving in the aggregate not less than $250,000 . . . , may, to the extent permitted under the United States Constitution, agree that the law of this state will govern such contract, agreement, or undertaking, the effect thereof and their rights and duties thereunder, in whole or in part, whether or not such contract, agreement, or undertaking bears any relation to this state.
>
> (2) This section does not apply to any contract, agreement, or undertaking:
>
> (a)  Regarding any transaction which does not bear a substantial or reasonable relation to this state in which every party is either or a combination of:
>
> 1.  A resident and citizen of the United States, but not of this state; or
>
> 2.  Incorporated or organized under the laws of another state and does not maintain a place of business in this state;

*Id.*; *see also* Fla. Stat. § 685.102(1).

Here, Plaintiff contends that Section 685.101(1) is satisfied. (Doc. 31 at 10–14; Doc. 14-1 at 10–11.)  Importantly, Plaintiff explains that the exception contained in Fla. Stat. § 685.101(2)(a)2 does not apply because, although Plaintiff is a Georgia limited liability company and Defendant is a Texas limited liability

6

company, Plaintiff maintained and still maintains a place of business in Florida. (Doc. 31 at 12–13.)  Thus, the undersigned recommends that both the constitutional and statutory requirements for long-arm jurisdiction exist, and therefore the Court has personal jurisdiction over Defendant.

## IV. Claims Stated

### A. Breach of Contract

To state a claim for breach of contract under Florida law,[6] a plaintiff must allege: "(1) a valid contract existed; (2) a material breach of the contract; and (3) damages." *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. Dist. Ct. App. 2017).

The undersigned recommends that Plaintiff has adequately pleaded a claim for breach of contract.  First, Plaintiff alleges that it entered into fourteen agreements to lease certain trucks and trailers to Defendant.  (Doc. 14 at 5–7.) Second, Plaintiff alleges that Defendant breached the following provisions common to all leases: paragraph 3 by failing to make lease payments; paragraph 15 by failing to return one of the trucks within ten calendar days of Defendant's defaults; paragraph 6 by failing to maintain the trucks in good repair; and paragraph 12 by subleasing the unreturned truck to an unknown third party without

---

[6] The underlying lease agreements provide for the application of Florida law.  (*See, e.g.*, Doc. 14-1 at 10.)

required insurance.  (*Id.* at 13–14.)  Finally, Plaintiff alleges monetary damages in specified amounts.[7]  (*Id.*)

### B. Conversion

"Conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time.  A conversion occurs when a person who has a right to possession of property demands its return and the demand is not or cannot be met."  *Misabec Mercantile, Inc. De Panama v. Donaldson, Lufkin & Jenrette ACLI Futures, Inc.*, 853 F.2d 834, 837–38 (11th Cir. 1988) (quoting *Shelby Mut. Ins. Co. v. Crain Press, Inc.*, 481 So. 2d 501, 503 (Fla. Dist. Ct. App. 1985)).

The undersigned recommends that Plaintiff has stated a claim for conversion.  First, Plaintiff alleges that, on or about August 16, 2021, after Defendant's default, and pursuant to its right under the terms of the leases, it demanded the return of the leased trucks from Defendant. (Doc. 14 at 10.)  Plaintiff alleges further that, though it recovered thirteen of the trucks, Defendant has not returned one of the trucks.  (*Id.* at 11.)  Therefore, a claim for conversion has been stated.

---

[7] Plaintiff is not seeking a greater amount in the Motion than is demanded in the Complaint (Doc. 1) or the Amended Complaint (Doc. 14).  *See* Fed. R. Civ. P. 54(c).

8

V.     **Damages**[8]

In the Second Supplement, Plaintiff adjusted its request for damages pursuant to the breach of contract claim from $509,033.10 to $532,711.38. (Doc. 33 at 4; Doc. 37 at 8.) Plaintiff further requests that post-judgment interest accrue at the statutory rate set forth in 28 U.S.C. § 1961. (Doc. 37 at 8.) Regarding the requested relief, Plaintiff supplemented the Motion twice in an effort to provide true and correct damages calculations, and to address other discrepancies noted by the undersigned in two prior Orders. (*See generally* Docs. 31, 32, 33, 36, & 37.) Plaintiff explains in the affidavit attached to the Second Supplement that the discrepancies noted in the most recent Order (Doc. 36) arose from good faith accounting mistakes. (*See* Doc. 37-1 at 2–9.) The undersigned is now satisfied with Plaintiff's damages calculations.

Because Plaintiff is requesting that damages be awarded pursuant to its breach of contract claim, the standard "Remedies" provision in the subject leases applies. It states in relevant part:

> Upon the occurrence of any Event of Default, Lessor (or its agent(s)) may, at its option, do any or all of the following: (a) accelerate the remaining payments and declare the Stipulated Loss Value to be immediately due and payable; . . . (e) seize and sell or otherwise dispose of the Equipment in a commercially reasonable manner and apply the net proceeds of any such disposition to the

---

[8] The undersigned recommends that a hearing on damages is not necessary "[b]ecause the essential evidence relating to damages is before the Court." *Universal Music Corp. v. Latitude 360 Nevada, Inc.*, No. 3:15-cv-1052-J-34JRK, 2016 WL 3200087, at *3 (M.D. Fla. May 4, 2016), *report and recommendation adopted*, 2016 WL 3188899 (M.D. Fla. June 8, 2016).

9

>> obligations of Lessee hereunder; (f) institute proceedings at law or in equity to recover from Lessee all amounts then due and owing under this Agreement and/or to compel Lessee's performance hereunder; . . . . Any costs, fees or other charges incurred by Lessor in exercising any of the foregoing, including without limitation, costs of removal, freight, demurrage, storage, labor, and attorneys' fees and costs shall be borne solely by Lessee.
>
> . . .
>
> Upon any Event of Default, any amounts due and owing to Lessor shall bear interest at a rate of 18.00% per annum or such lesser amount as may be permitted to be assessed under applicable law.

(*See, e.g.,* Doc. 14-2 at 9.)

Plaintiff's entitlement to damages under the leases appears to be accurately summarized in the Statement dated September 30, 2022 attached to Mr. Diggs' affidavit. (Doc. 37-1 at 18.) The amount totals $459,242.92. (*Id.*) Additionally, Plaintiff incurred $73,468.46 in costs because of Defendant's breach. (*Id.* at 9.) Thus, the undersigned recommends that the requested amount of $532,711.38 be awarded to Plaintiff for breach of contract. Additionally, consistent with Plaintiff's request, the undersigned recommends that post-judgment interest accrue at the statutory rate set forth in 28 U.S.C. § 1961. (Doc. 37 at 8.)

## VI.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 31**) be **GRANTED**.

2. The Clerk of Court be directed to enter judgment in favor of Plaintiff, CCI-KCE, LLC, and against Defendant, All Gas, LLC, in the amount of

10

$532,711.38. Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

### Notice To Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on November 14, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

11